IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RODNEY F. JACKSON,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>SODEXO, Inc.; JASON, Manager of Sodexo, Inc.; and KIMBERLY J. HANSEN, Counsel for Sodexo, Inc.;<br><br>　　　　　　Defendants. | **8:25CV739**<br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the Court on Plaintiff Rodney F. Jackson's Complaint filed on December 29, 2025. Filing No. 1. Plaintiff is a non-prisoner, is not represented by counsel, and proceeds in forma pauperis. The Court's memorandum and orders in Plaintiff's prior case[1] advised Plaintiff that under the facts alleged, he failed to state a claim for termination of his employment. The Court denied Plaintiff's motion to reopen that case. Plaintiff then filed this case as a new lawsuit. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

　　　The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which

---

[1] See *Jackson v. Sodexo*, 8:25CV369-JMG-PRSE (D. Neb. 2025), Filing Nos. 9 & 11.

relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002), *abrogated in part on other grounds by Twombly*, 550 U.S. at 570 (holding a complaint in employment

discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face). However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); see also *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

## II. DISCUSSION

Plaintiff's current complaint sues Sodexo, Inc., his prior employer, and Sodexo's manager and attorney. Plaintiff seeks damages under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 to 12117; and for violation of his First Amendment and Equal Protection rights.

Plaintiff cannot state a claim against the defendants for violation of his rights under the First Amendment and Equal Protection Clause because the defendants are not state actors and were not engaged in state action at the time of the events alleged. *Pease v. Havelock Nat. Bank*, 351 F. Supp. 118, 120 (D. Neb. 1972) (citing *Civil Rights Cases*, 109 U.S. 3, 11(1883) (Fourteenth Amendment); *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 805 (2019) (First Amendment).

Plaintiff also cannot pursue an ADA harassment claim against Sodexo's manager and attorney. Such claims must be brought against Sodexo, the employer. *Saenz v. Omaha Cath. Schs. Consortium*, No. 8:20CV225, 2020 WL 13032897, at *2 (D. Neb. Oct. 2, 2020) (collecting cases). So, even had Plaintiff raised allegations of fact concerning the actions or inactions of defendants

Jason and Hansen, his ADA harassment claim against them must be dismissed.

As to the disability harassment allegations against Sodexo, Plaintiff claims that due to his bilateral knee replacements, he had to sit while working. He claims he was harassed by a co-worker due to his disability and his complaints to supervisors were ignored. Plaintiff alleges his employment was terminated because he had an altercation with the co-worker. He does not explain the harassment, or how and to what extent that environment affected the terms and conditions of his employment, including his termination. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786–88 (1998). He has failed to state a claim for disability harassment against Sodexo.

### III. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint fails to state a claim for relief. Plaintiff will be allowed to file an amended complaint.

Accordingly,

IT IS ORDERED:

1. Plaintiff shall have until **February 23, 2026**, to file an amended complaint. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: "**February 23, 2026**: check for amended complaint."

4. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 23rd day of January, 2026.

BY THE COURT:

s/ Cheryl R. Zwart
United States Magistrate Judge