IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RODNEY F. JACKSON,

Plaintiff,

vs.

SODEXO, Inc.; JASON, Manager of
Sodexo, Inc.; and KIMBERLY J.
HANSEN, Counsel for Sodexo, Inc.;

Defendants.

**8:25CV739**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Rodney F. Jackson's complaint filed on December 29, 2025, Filing No. 1, as amended. *See* Filing 8. Plaintiff is a non-prisoner, is not represented by counsel, and proceeds in forma pauperis. The Court's memorandum and orders in Plaintiff's prior case[1] advised Plaintiff that under the facts alleged, he failed to state a claim for termination of his employment. The Court denied Plaintiff's motion to reopen that case. Plaintiff then filed this case as a new lawsuit.

Upon initial review of the complaint filed on December 29, 2025, the Court found Plaintiff had failed to state a claim. Plaintiff was given leave to amend, with the deadline being February 23, 2026. Filing 6. Upon his verbal request, the deadline for filing the amended complaint was extended to March 26, 2026. Filing 7. On February 19, 2026, Plaintiff filed a motion to amend which appears to be either his amended complaint, or the allegations he would add to his initial complaint. Filing 8. He has not filed anything since. Liberally construing the filings, the Court will consider Filing 8 as a supplement to the

---

[1] See *Jackson v. Sodexo*, 8:25CV369-JMG-PRSE (D. Neb. 2025), Filing Nos. 9 & 11.

initial complaint and will collectively refer to those documents as Plaintiff's "consolidated amended complaint."

The Court now conducts an initial review of the consolidated amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal

nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511-12 (2002), *abrogated in part on other grounds by Twombly,* 550 U.S. at 570 (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face). However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); see also *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

## II. SUMMARY OF COMPLAINT

Plaintiff sues Sodexo, Inc., his prior employer, for employment discrimination based on race, age, and disability. Filing 8 at 1. Plaintiff alleges he is 61 years old and disabled. Due to his bilateral knee replacements, he had to sit while working. Filing 1 at 5. He began working as a cashier and dishwasher for Sodexo in 2021, and he performed his work satisfactorily. His

3

supervisor was Jason, a 50-year-old white male with no known disabilities. Filing 8 at 1.

In December 2023, he was working with a kitchen cook who was a black male in his 40s with no known disabilities. The cook began harassing Plaintiff, calling him profane names, and accusing him of being lazy because he needed to sit down while working due to his disability. Filing 8 at 2.

In August 2024, Plaintiff reported the harassment to the kitchen manager, a black woman in her 70s with no known disabilities. Filing 8 at 2. He reported the harassment to Jason three times in October of 2024. Plaintiff alleges the "harassment continued and 'was severe and pervasive' creating 'a hostile work environment.'" Filing 8 at 2.

On November 6, 2024, the kitchen cook initiated a verbal altercation and as Plaintiff turned to walk away, his walker slipped and he fell, breaking his teeth and landing on a co-worker. The co-worker broke her hip and wrist. Jason told Plaintiff to go home. The kitchen worker was allowed to stay. Plaintiff's employment was suspended on November 7, 2024, and his employment was terminated on November 12, 2024. Filing 8 at 2.

Plaintiff received a letter from Creighton University on November 25, 2024. The letter stated Plaintiff was barred from its property. Plaintiff believes Sodexo instructed Creighton to write a letter. Filing 8 at 3.

Plaintiff alleges he was subjected to a hostile work environment, and he was suspended and discharged from his employment at Sodexo due to his race, age, and disability. Plaintiff seeks lost wages and monetary damages. Filing 8 3.

4

Plaintiff filed an EEO complaint. He received his right to sue letter on May 6, 2025. *Jackson v. Sodexo*, 8:25-cv-00369-JMG-PRSE, Filing 4 at 2.[2]

## III. DISCUSSION

Plaintiff asserts he was discriminated against in his employment based on race and age, and he was subjected to harassment due to his disability.

Under Title VII, the ADA, and the ADEA, a plaintiff must file suit within ninety days of receiving a right to sue letter. *Jackson v. Hennepin Healthcare Sys., Inc.*, 134 F.4th 1262, 1263 (8th Cir. 2025) (citing 42 U.S.C. §§ 2000e-5(f)(1), 12117(a); 29 U.S.C. § 626(e)). Jackson received a right to sue letter from the EEOC on May 6, 2025, so the filing deadline was August 5, 2025. This lawsuit was filed on December 29, 2025. Plaintiff's consolidated amended complaint alleges no facts supporting equitable tolling of the filing deadline. Plaintiff's claims must be dismissed as untimely filed.

In addition to untimeliness, Plaintiff's consolidated amended complaint must be dismissed for failure to state a claim. To recover for age discrimination, Plaintiff must prove (1) he is over 40 years old; (2) he met the applicable job qualifications; (3) he suffered an adverse employment action; and (4) age was a factor in the employer's termination decision. *Canning v. Creighton Univ.*, 995 F.3d 603, 611 (8th Cir. 2021). Plaintiff alleges he is over 40 years old, met the qualifications of his job, and was terminated. But his consolidated amended complaint does not plausibly allege that age was a factor in his employment termination.

Plaintiff's race discrimination requires a showing that Plaintiff (1) is a member of a protected class—in this case, race; (2) he met the defendant's legitimate expectations, (3) he suffered an adverse employment action, and (4)

---

[2] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).

the circumstances give rise to an inference of discrimination. *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 973–74 (8th Cir. 2012). Plaintiff's consolidated amended complaint does not allege Plaintiff's race. He has therefore failed to allege a plausible race discrimination claim.

To prove a claim for harassment/hostile work environment, a plaintiff must show he "is a member of a protected group, that there was unwelcome harassment, that there was a causal nexus between the harassment and membership in the protected group, and that the harassment affected a term, condition, or privilege of employment. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1018 (8th Cir. 2011). Here, Plaintiff alleges he was exposed to "severe and pervasive" harassment which created "a hostile work environment" due to his disability. These conclusory phrases are not factual allegations the Court will consider when deciding if Plaintiff has stated a claim. While Plaintiff alleges the kitchen cook used profanity while calling him lazy, he does not allege why he believed this name-calling was prompted by his disability, how frequently the name calling occurred, and how and to what degree it impacted the terms and conditions of his employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786–88 (1998). Even had he timely filed this case, he has failed to state a plausible claim for disability harassment.

Finally, Plaintiff alleges Sodexo instructed Creighton University to bar Plaintiff from entering Creighton's property. This allegation is wholly speculative, and even if true, fails to state a claim.

### III. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

6

such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims are time-barred, and he has failed to state a claim for relief.

Accordingly,

IT IS ORDERED:

1.     Plaintiff's motion to amend, Filing 8, interpreted as a supplement to the initial complaint, is granted. The contents of Filing 8 were considered in preparing this Memorandum and Order.

2.     This matter is dismissed without prejudice.

3.     A separate judgment will be entered.

Dated this 2nd day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

7